**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAISY ELLEN MILLER,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 96-2534

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-1673-5-6)

Submitted: September 9, 1997

Decided: September 25, 1997

Before MURNAGHAN, HAMILTON, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Cravens Ravenel, Virginia C. Ravenel, BAKER, BARWICK,
RAVENEL & BENDER, L.L.P., Columbia, South Carolina, for
Appellant. J. Rene Josey, United States Attorney, John B. Grimball,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daisy Ellen Miller appeals a district court order dismissing her suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (1994), as barred under the statute of limitations. Finding no error, we affirm.

This appeal concerns a large drainage ditch carrying surface flow off of North Air Field near North, South Carolina. The record discloses that in 1944 the United States acquired a perpetual drainage easement over certain lands for drainage of the nearby air field. The easement was recorded in public county records the same day. Miller purchased a lot next to the subject ditch in 1970 and that year built a house on it 26.4 feet from the edge of the ditch. The drainage easement covered the parcel of land owned by Miller, as the lot was formerly owned by the same grantor that conveyed the easement.

Miller alleged in her January 1991 FTCA claim: (1) that the Air Force negligently maintained its drainage ditch causing erosion to her land; (2) that the Air Force tortiously concentrated water in the ditch eroding her land; and (3) that the Air Force trespassed upon and damaged her land by sending water in concentrated form outside the easement. See 28 C.F.R. § 14.2 (1992).

Under 28 U.S.C. § 2401(b) (1994), a tort claim against the United States is barred unless presented in writing to the appropriate federal agency within two years after the claim accrues or unless the action is begun within six months after final agency action. The claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should know both the existence and cause of her injury. Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990).

During depositions, Miller admitted that she was aware of the erosion problem caused by the ditch and that the air field significantly

2

contributed to the problem at least by 1986. Robert H. Holley, Miller's expert witness, stated in his deposition that he examined Miller's property and the ditch and informed Miller that the erosion problem was caused significantly by the bulk of the water coming off the Air Force base in 1973. Further, Miller, through a friend, directly complained to the Air Field regarding the erosion problem prior to 1986.

We therefore conclude that Miller had knowledge of the erosion problem and the "critical facts" as to the likely source of the problem at least by 1986, thereby triggering the two-year statute of limitations. See United States v. Kubrick, 444 U.S. 111, 122 (1979). Because Miller filed her FTCA claim well after the two-year period, the district court appropriately dismissed her claim for lack of jurisdiction. Accordingly, we affirm the district court order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED